# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:21-mj-00007-SKO |
| Plaintiff, | ORDER OVERRULING OBJECTION TO VICTIM STATEMENT AT DETENTION HEARING |
| v. | |
| DEVEN RICHARD DEARING, | |
| Defendant. | |

## I.

## BACKGROUND

On January 25, 2021, an arrest warrant issued for Deven Richard Dearing ("Defendant") out of the District of Oregon.  (ECF No. 1.)  Defendant has been charged with attempted exploitation of a child in violation of 18 U.S.C § 2251(a) and (e); transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  (Id.)

Defendant made an initial appearance on the complaint on February 8, 2021, was temporarily detained, and a detention hearing was set for February 10, 2021.  (ECF No. 8.)  On February 9, 2021, the parties stipulated to continuing the detention hearing and the hearing was continued to February 17, 2021.  (ECF Nos. 6, 7.)  On February 17, 2021, counsel Matthew

1  Lemke appeared with Defendant by video; counsel Joseph Barton appeared by video for the

2  Government.  (ECF No. 8.)  During the detention hearing, the Government sought to proffer the

3  testimony of the victim's mother and Defendant objected on the ground that any factual

4  statements must be under oath and subject to cross examination.  The hearing was continued to

5  February 19, 2021, and the parties were granted the opportunity to provide briefing on the issue

6  of the victim's mother's testimony at the hearing.  On February 18, 2021, Defendant filed a brief,

7  and Defendant filed an opposition.  (ECF Nos. 9, 10.)

8      The detention hearing continued on February 19, 2021.  Counsel Matthew Lemke

9  appeared by video with Defendant and counsel Barton appeared by video for the Government.

10  Having considered the moving papers and the argument presented at the February 19, 2021

11  hearing, the Court overrules Defendant's objection for the reasons discussed below.

12                                      **II.**

13                                   **ANALYSIS**

14  **A.      Right of Victim to be Heard at Detention Hearing**

15      Defendant contends that if the victim's mother is allowed to testify at the hearing that an

16  inquiry first be conducted to determine if she intends to offer factual statements or argument.

17  Defendant asserts that if the mother is offering factual information, she should be subject to the

18  same rules as any other pretrial detention witness, including being subject to cross examination.

19  Defendant argues that the Court should try to harmonize the Bail Reform Act ("BRA") and

20  Crime Victim's Rights Act ("CVRA") and subject any victim testimony to cross examination.

21      The Government counters that under the CVRA, the victim has a right to be treated with

22  fairness and respect for her dignity and privacy and the court is to ensure that these rights are

23  afforded to the victim in any court proceedings involving an offense against the victim.  The

24  Government argues that the victim's right to be reasonably heard in these proceedings should not

25  be stifled by the threat of cross examination.   The Government argues that there is no

26  requirement that a victim be sworn in and subject to cross examination in this proceeding and the

27  victim is not being called as a witness, but is making a statement pursuant to the CVRA.  The

28  Government further argues that the right of the victim to speak at the hearing does not potentially

1    conflict with the BRA, but the two acts co-exist.  The Government contends that Congress has

2    deemed the type of information that can be provided is a victim's unsworn statement on the issue

3    of release and the victim has the right to proffer about the impact that release would have.

4          The CVRA provides for the right of a victim to "to be reasonably heard at any public

5    proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18

6    U.S.C.. § 3771(a)(4).  In any court proceeding involving an offense against the crime victim, the

7    Court shall ensure that the victim is afforded the rights described in subsection (a).  18 U.S.C. §

8    3771(b).  "The crime victim or the crime victim's lawful representative, and the attorney for the

9    Government may assert the rights described in subsection (a)."  18 U.S.C. § 3771(d)(1).  "Under

10   18 U.S.C. § 3771, victims are entitled to be heard in court, including on the question of whether

11   the defendant is to be released or remanded" and among other things, victims have been given

12   the opportunity to testify at a bail hearing."  United States v. Epstein, 425 F.Supp.3d 306, 309–10

13   (S.D.N.Y. 2019), appeal withdrawn, No. 19-2221, 2019 WL 5390016 (2d Cir. Aug. 21, 2019);

14   United States v. Turner, 367 F.Supp.2d 319, 333 (E.D.N.Y. 2005) (finding bail hearing

15   implicated right of victim to be heard under the CVRA).  Defendant does not argue that the

16   victim's statement is not appropriately considered at the bail hearing.

17         A "crime victim" is "a person directly and proximately harmed as a result of the

18   commission of a Federal offense. . . ."  18 U.S.C. § 3771(e)(2)(A).  As relevant here, "[i]n the

19   case of a crime victim who is under 18 years of age . . . the legal guardians of the crime victim . .

20   . family members, or any other persons appointed as suitable by the court, may assume the crime

21   victim's rights under this chapter. . . ."  18 U.S.C. § 3771(e)(2)(b).  Since the victim in this

22   matter is a minor, under the CVRA her mother is entitled to be reasonably heard on her minor

23   daughter's behalf at the bail hearing on the matter of release.

24         Defendant argues that the BRA and CVRA conflict and therefore any statement should

25   be under oath and subject to cross examination.  The Government counters that the two acts co-

26   exist and there is no requirement that a victim's statement under the CVRA be sworn and subject

27   to cross examination and requiring such would conflict with the purpose of the CVRA.

28         Under the BRA, the defendant "shall be afforded an opportunity to testify, to present

3

1  witnesses, to cross-examine witnesses who appear at the hearing, and to present information by

2  proffer or otherwise.  The rules concerning admissibility of evidence in criminal trials do not

3  apply to the presentation and consideration of information at the hearing."   18 U.S.C. §

4  3142(f)(2(B).  Both parties may proceed in the detention hearing by way of proffer and the live

5  testimony of witnesses is not required.  United States v. Cabrera-Ortigoza, 196 F.R.D. 571, 574

6  (S.D. Cal. 2000).  There is no constitutional right for a defendant to confront witnesses at a

7  detention hearing.  United States v. Hernandez, 778 F.Supp.2d 1211, 1220 (D.N.M. 2011).

8
   In a detention hearing, the magistrate judge determines the weight of the proffer
9  or whether other information, evidence or testimony is warranted.  The judicial
   officer presiding at the detention hearing is vested with discretion whether to
10 allow defense counsel to call adverse witnesses.  "The defense may not call
   witnesses who ordinarily would be expected to testify for the government at trial,
11 unless they can proffer to the court in reasonable detail how they expect that
   testimony to negate substantial probability."  The accused has no right to cross-
12 examine adverse witnesses who have not been called to testify.  The defendant
   does not have the right to choose whether to proceed "by proffer or otherwise"
13 The Bail Reform Act of 1984 (18 U.S.C. 3142, et seq.) did not change preexisting
   law which allowed a judge to consider hearsay evidence when it was sufficiently
14 reliable.  Without a proffer from the defendant that the government's proffered
   information is incorrect, the magistrate judge is not required to allow the
15 defendant to cross-examine the investigators and police officers.

16 Cabrera-Ortigoza, 196 F.R.D. at 574 (internal citations omitted); see also United States v. Bibbs,

17 488 F.Supp.2d 925, 926 (N.D. Cal. 2007) (no Sixth Amendment right to confront witness at a

18 detention hearing); Peterson v. California, 604 F.3d 1166, 1169-1170 (9th Cir. 2010) (denying

19 defendant right of cross examination of witnesses at preliminary hearing does not violate the

20 constitution).  The Government "may proceed in a detention hearing by proffer or hearsay" and

21 the defendant "has no right to cross-examine adverse witnesses who have not been called to

22 testify."  United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986).

23      While Defendant argues that allowing a victim statement without requiring it to under

24 oath and subject to cross examination would be inconsistent with the BRA, in this instance, the

25 victim's mother is not being called by the Government to testify as a witness at the detention

26 hearing.  The Government specifically asserted that it was not calling the mother as it witness

27 and did not rely on or argue any factual allegations that the victim's mother asserted.  Rather, the

28 Government relied solely on the facts that it had presented in seeking to have the defendant

4

1  detained.

2      Here, the victim sought to assert her right to be heard on the issue of whether the

3  defendant should be released as provided under the CVRA.  The CVRA made victims of crime

4  independent participants in the criminal justice process.  Kenna v. U.S. Dist. Court for C.D. Cal.,

5  435 F.3d 1011, 1013 (9th Cir. 2006); see also Turner, 367 F.Supp.2d at 322 ("[T]he CVRA gives

6  crime victims direct standing to vindicate their procedural and substantive rights in criminal

7  cases independently of prosecutors, see 18 U.S.C. § 3771(d), and also imposes on the judiciary

8  an affirmative obligation to 'ensure' that those rights are 'afforded.' " Id. § 3771(b).").

9      Defendant has not cited to a single case, nor does the Court find any case, holding that a

10  victim's statement must be given under oath and subject to cross examination.  The CVRA

11  clearly was enacted to make victims full participants in the proceedings and limiting victims to

12  written impact statements would treat them as secondary participants in the proceedings.  Kenna,

13  435 F.3d at 1016.  The CVRA gives victims the "right to be reasonably heard at any public

14  proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18

15  U.S.C. § 3771(a)(4).  "This language means that the district court must hear from the victims, if

16  they choose to speak, at more than one criminal [proceeding]." Kenna, 435 F.3d at 1016.

17      The CVRA does not require that victim statements be given under oath and "[e]very

18  court that has examined this issue has held that there is no requirement to swear in CVRA

19  victims." United States v. Grigg, 434 F. App'x 530, 533 (6th Cir. 2011).  Similarly, courts have

20  held that there is no right to cross examination victims who provide a victim statement at

21  sentencing. United States v. Green, 718 F. App'x 141, 143 (3d Cir. 2018).

22      Allowing the defendant to cross examine the victim on her statement is contrary the

23  rights provided under the CVRA that the victim be "treated with fairness and with respect for the

24  victim's dignity and privacy."  18 U.S.C. § 3771(a)(8).  "[T]he Senate sponsors of the law were

25  clear in their articulation of the overall import of [this] provision: to promote a liberal reading of

26  the statute in favor of interpretations that promote victims' interest in fairness, respect, and

27  dignity.  'It is not the intent of this bill that its significance be whittled down or marginalized by

28  the courts or the executive branch.  This legislation is meant to correct, not continue, the legacy

1 of the poor treatment of crime victims in the criminal process.' " <u>Turner</u>, 367 F.Supp.2d at 335

2 (quoting Senate Debate at S4269 (statement of Sen. Feinstein)).   The Ninth Circuit has advised

3 district court to give full effect to the CVRA and encourages "district courts to modify their own

4 procedures so as to give full effect to the CVRA."  <u>Kenna</u>, 435 F.3d at 1018.  Requiring the

5 victim to be subject to cross examination would be likely to inhibit victims from exercising their

6 rights under the CVRA and would be contrary to the Act.

7       At the February 19 hearing, Defendant also argued that the Court should conduct an

8 inquiry to ensure that the mother was speaking on behalf of her daughter citing to Turner.  In

9 <u>Turner</u>, the court was considering the proceedings that had occurred in a mail fraud case and

10 determining what was required to comply with the recently enacted CVRA.  <u>Turner</u>, 367 F.

11 Supp. 2d 319.  Specifically in determining who was entitled to notice under the CVRA, the court

12 would "follow an inclusive approach: absent an affirmative reason to think otherwise, I will

13 presume that any person whom the government asserts was harmed by conduct attributed to a

14 defendant, as well as any person who self-identifies as such, enjoys all of the procedural and

15 substantive rights set forth in § 3771."  <u>Id.</u> at 327.  The court considered the legislative history of

16 section 3771(e)(2)(b) which allows for individuals other than the actual victim to assert the

17 statutory rights of the victim.  <u>Id.</u> at 329-331.

18       The court found that "[t]his provision appears to mean that where a surrogate is required

19 and one is available, that person will automatically 'assume the crime victim's rights' without

20 the need for any action by the court.  It is only where no such person can be identified-or,

21 presumably, where any such person is unwilling or unable to assume that role-that a court need

22 consider appointing a suitable surrogate."  <u>Id.</u> at 329.  The court recognized that there may be

23 situations where an appropriate representative would be needed to assert the victim's rights and

24 there is an possible pitfall that this individual could have an agenda "beyond the interests of the

25 specific victim he represents."  <u>Id.</u> at 330.  "To the extent that a court may find that such a

26 surrogate does not fully represent the victim's interests, or has an additional agenda he seeks to

27 advance by means of asserting the victim's rights, the court appears to have the authority to

28 determine that the surrogate is not a 'suitable' person to assume the victim's rights pursuant to

1    subsection (e), and therefore lacks standing to assert the victim's rights pursuant to subsection

2    (d)(1)." Id. at 331.

3            The CVRA provides that "[i]n the case of a crime victim who is under 18 years of age . . .

4    the legal guardians of the crime victim . . . family members, or any other persons appointed as

5    suitable by the court, may assume the crime victim's rights under this chapter. . . ." 18 U.S.C. §

6    3771(e)(2)(b).  Defendant cites to the complaint in which it was reported that the victim told the

7    defendant that she was abused at home to argue that the mother may not be asserting the victim's

8    rights.  However, Defendant has presented no evidence that the victim's mother was abusing the

9    minor or that she had any agenda other than asserting the minor's rights under the CVRA.  It is

10   undisputed that the witness was the mother of the victim and is therefore statutorily authorized

11   under section 3771 to assert the minor's rights under the CVRA.  Further, the Court is cognizant

12   that the CVRA authorized individuals who are not legally trained to assert the rights of the minor

13   and there is no requirement that such a foundation be established to allow a parent to speak on

14   behalf of a minor victim.  It would be inconsistent with the purposes of the CVRA to require the

15   minor and her parent to participate in such an evidentiary hearing and allow them to be further

16   victimized by answering questions about the relationships in the family.

17           Finally, in considering the factors under 18 U.S.C. § 3142, the Court made clear at the

18   hearing that it would only consider those factual allegations proffered by the Government in

19   seeking to detain the defendant, the parties were offered the opportunity to present evidence on

20   the issue of detention, and the Government did not rely on or argue any facts outside of those

21   given in the proffer, most of which were found in the criminal complaint.  Further, the

22   government stated at the hearing that it was not relying upon upon statemsnt given by the

23   victim's mother at the detention hearing.  Finally, consistent with the provision of section 3142,

24   ///

25   ///

26   ///

27   ///

28   ///

1 | the Court only considered the evidence proffered by the Government in determining the issue of

2 | detention.

3 |     Based on the foregoing, Defendant's objection to the statement of the victim's mother is

4 | OVERRULED.

5 |

6 | IT IS SO ORDERED.

7 | Dated:   **February 22, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

8